UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE SETTLE, as representative
for BRUCE SETTLE, on behalf of
himself and others similarly situated,

    Plaintiff,

v.                                                       Case No. 8:24-cv-404-SPF

PHBC MARKETING, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant PHBC Marketing, LLC's Motion to Dismiss Amended Complaint (Doc. 12). Plaintiff filed a response in opposition to Defendant's motion (Doc. 20). Upon consideration, Defendant's motion is **DENIED**.

    **I.**    **Background**

On February 13, 2024, Plaintiff Laurie Settle, as representative for Bruce Settle,[1] filed this lawsuit against Defendant PHBC Marketing, LLC ("PHBC") for violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (the "TCPA"). Plaintiff alleges PHBC used an automatic telephone dialing system to call Bruce Settle two times on May 11, 2023, and May 12, 2023, without his consent (Doc. 11). On March 12, 2024,

---

[1] The Amended Complaint states that Laurie Settle is the representative for Bruce Settle, but does not provide any details as to why or how she is his representative. Defendant represents—and Plaintiff appears not to contest—that Mr. Settle passed away on January 1, 2024 (Doc. 12 at 1–2; Doc. 20).

PHBC filed a Motion to Dismiss or for a More Definite Statement (Doc. 7). Plaintiff then filed an Amended Complaint on April 2, 2024 (Doc. 11). Now, PHBC brings this motion, arguing that Plaintiff's Amended Complaint should be dismissed because (1) Bruce Settle's TCPA claim was extinguished upon his death; and (2) Plaintiff is an inadequate class representative. For the following reasons, the Court denies Defendant's motion.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. To withstand a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court assumes all well-pleaded factual allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted). However, mere legal conclusions are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 678.

## III.    Discussion

### A. Survivability of TCPA Claims

First, Defendant argues for the dismissal of Plaintiff's claims because the TCPA is penal in nature, and therefore, the claim does not survive Mr. Settle's death (Doc. 12 at 3). The survivability of a claim depends on whether a statute is deemed "penal" or

"remedial." *U.S. v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993). A penal action imposes damages for a general wrong to the public, while a remedial action compensates an individual for specific harm suffered. *Id.* Remedial actions survive the plaintiff's death, while penal actions do not. *Id.*

Defendant, relying on a district court decision from the Western District of New York, argues that "the TCPA is primarily intended to deter intrusive and unwanted marketing calls (penal) and therefore such claims extinguish upon death." (Doc. 12 at 3); *Hannabury v. Hilton Grand Vacations Co.*, 174 F. Supp. 3d 768, 775 (W.D.N.Y. 2016) ("Here, the Court finds that the primary purpose of a private action under Section 227(b) and 227(c) of the TCPA is to redress wrongs to the public as opposed to individual plaintiffs."). Only two years later, however, another court in that district expressly rejected that conclusion. *See Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 97 (W.D.N.Y. 2018) ("[T]he Court declines to follow the rationale and conclusion set forth in *Hannabury* to the extent discussed above, and holds that a private claim brought pursuant to § 227(b)(3) and § 227(c)(5) of the TCPA is primarily of a "remedial" nature, and thus, it did not extinguish upon Plaintiff's death.").

While the Eleventh Circuit has not specifically addressed the issue of whether a TCPA claim survives death, it has found the TCPA to be remedial in other contexts. *See, e.g.*, *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1310 (11th Cir. 2008) (where insurance contract excluded coverage for injuries arising out of "the willful violation of a penal statute," the court noted that the plaintiff "did not argue this exclusion arose from the TCPA, the statute giving rise to liability here, because most courts have found that the

3

TCPA is not a penal statute"); *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 778–79 (11th Cir. 2011) (concluding that, "for the purposes of interpreting the coverage provided by an insurance contract governed by Georgia law, the TCPA's treble damages provision falls more on the compensatory than the punitive side").

As the Eleventh Circuit noted in *Penzer*, many courts, including district courts in the Eleventh Circuit, have found the TCPA to be remedial in nature. *See, e.g.*, *Gurzi v. Penn Credit Corp.*, 449 F. Supp. 3d 1294, 1299 (M.D. Fla. 2020) ("Courts have generally considered the TCPA to be a remedial statute that is to be construed in favor of consumers.") (citations omitted); *Heard v. Nationstar Mortg., LLC*, No. 2:16-cv-694-MHH, 2018 WL 4028116, at *5 (N.D. Ala. Aug. 23, 2018) (stating that "the TCPA is a consumer protection statute which is remedial in nature") (citations and quotations omitted); *Precise v. Credit One Bank, N.A.*, No. 3:16-cv-541-MCR-GRJ, 2018 WL 11491440, at *2 (N.D. Fla. July 26, 2018) (concluding that TCPA claims are remedial and survive death because (1) the statute redresses harm to individuals more than the general public, (2) recovery under the statute runs to individuals, and (3) the remedies are not disproportionate to the harms); *Hooters of August, Inc. v. Am. Global Ins. Co.*, 272 F. Supp. 2d 1365, 1376 (S.D. Ga. 2003) ("I find that § 227 is a remedial statute."); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 740–41 (6th Cir. 2018) (holding that "claims under the TCPA are best characterized as remedial" and as a result, "claims under the TCPA do survive a plaintiff's death").

The Court agrees with the weight of authority finds that the TCPA is primarily remedial in nature, as (1) the statute redresses harm to individuals more than harm to the general public, (2) recovery under the statute runs to individuals, and (3) the remedies are

not disproportionate to the harms.  *Precise*, 2018 WL 11491440, at *2; *Alea London*, 638 F.3d at 778–79; *NEC Corp.*, 11 F.3d at 137.  As a result, Plaintiff's TCPA claim did not extinguish upon Mr. Settle's death.

Defendant also argues, in relation to its first argument, that Plaintiff's Amended Complaint should be dismissed due to reliance on hearsay, as the allegations are based on oral conversations involving a deceased person and the Amended Complaint provides "no basis for personal knowledge and attaches no documentary evidence" (Doc. 12 at 4–5).  This is not a basis for a Rule 12(b)(6) motion.  "[H]earsay is a rule of evidence, not applicable to a pleading. Whether Plaintiff[] can prove the allegations with admissible evidence at trial is another matter which need not be resolved at this stage of the proceeding."  *Pronman v. Styles*, No. 12-80674-CIV, 2013 WL 3894978 at *3 (S.D. Fla. July 26, 2014).  As a result, Plaintiff's claims will not be dismissed on this basis.

### B. Inadequate Class Representative

Next, Defendant argues that Plaintiff's class claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff is an inadequate, inappropriate, and atypical class representative.  Defendant suggests that Plaintiff is not a proper class representative because she is not seeking injunctive relief, which may preclude class members from obtaining all the relief to which they may be entitled (Doc. 12 at 5–6).[2]  As an initial matter, the Court notes that a Rule 12(b)(1) motion is not the proper

---

[2] Presumably, Plaintiff lacks standing to seek injunctive relief.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (requiring a real and immediate threat for standing for prospective injunctive relief); *see also Gaylor v. N. Springs Assocs., LLLP*, 648 F. App'x 807, 811 (11th Cir. 2016) ("When a solo plaintiff dies, any claims he had for injunctive relief become moot."); *Golthy v. Alabama*, 287 F. Supp. 2d 1259, 1263 (M.D. Ala. 2003) ("As

vehicle to challenge whether Plaintiff is an adequate class representative.[3]  And while some defendants have successfully challenged class certification at the pleading stage, either through a motion to dismiss pursuant to Rule 12(b)(6) or a motion to strike pursuant to Rule 12(f),[4] "precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

The Court acknowledges that a class representative may be inadequate when the class representative abandons particular remedies to the detriment of the class.  *See, e.g.*, *W. States Wholesale, Inc. v. Synthetic Indus., Inc.*, 206 F.R.D. 271, 277 (C.D. Cal. 2002)

---

there is no real or immediate threat that the estate of [the deceased plaintiff] will be the target of racial violence, the Court concludes that the federal and state claims for prospective injunctive relief . . . are due to be DISMISSED for lack of standing.").

[3] The Amended Complaint differs from Plaintiff's initial Complaint in that it withdraws Plaintiff's request for injunctive relief (Doc. 11 at 12).  Thus, while the issue of whether Plaintiff was an appropriate class representative given an alleged lack of standing to seek injunctive relief on behalf of the class may have been appropriate to raise under Rule 12(b)(1), that is no longer the case.

[4] *See, e.g.*, *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 700–01 (M.D. Ga. 2012) (granting motion to strike class allegations at pleading stage); *cf. Oginski v. Paragon Props. of Costa Rica, LLC*, No. 10-21720-CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011) (stating that dismissal of class allegations at the pleading stage is only appropriate where face of the complaint makes it clear that it will be impossible to certify the class); *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 700 (S.D. Fla. 2014) (denying motion to strike class allegations under Rule 12(f) because they were neither "redundant, immaterial, impertinent, or scandalous").  While courts have considered this type of argument before, the undersigned expresses no opinion on the propriety of this procedure.  *See generally* Timothy A. Daniels, *Challenging Class Certification at the Pleading Stage: What Rule Should Govern & What Standard Should Apply?*, 56 S. Tex. L. Rev. 241 (2014).

(finding plaintiff to be inadequate class representative where it sought only injunctive relief and disgorgement of profits and had abandoned recovery of damages for lost sales or market share); *Thompson v. Am. Tobacco Co., Inc.,* 189 F.R.D. 544, 550 (D. Minn. 1999) (finding class representatives who waived personal injury damages and only sought a medical monitoring program to be inadequate); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606–07 (S.D.N.Y. 1982) (class representatives who only sought damages for breach of warranty claim and not for personal injuries or wrongful death were inadequate); *but see Mayo v. UBS Real Estate Sec., Inc.*, No. 08-00568-CV-W-DGK, 2011 WL 1136438, at *4 (W.D. Mo. Mar. 25, 2011) (stating that named plaintiff's status as inadequate class representative for injunctive relief did not "affect his adequacy as representative to pursue compensatory and punitive damages").[5]

Nonetheless, the Court agrees with the weight of authority and finds that the issue of "whether Plaintiff's claim deserves class treatment is a fact-dependent inquiry unsuitable for a motion to dismiss or strike." *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 631931, at *2 (M.D. Fla. Feb. 18, 2014) (citations and quotations omitted); *see also Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (finding defendant's arguments for a dismissal based on class action allegations "better suited as challenges to a motion for class certification, rather than a basis for a motion to dismiss"); *Smith v. Rainey*, No. 8:09–cv–1628–T–27MAP, 2011 WL 4352179,

---

[5] The Court acknowledges that this rationale is likely inapplicable here as there are neither multiple named plaintiffs nor multiple subclasses as was the case in *Mayo*. Instead, the Court merely raises it to show that this issue is better resolved at the class certification stage.

7

at *3 (M.D. Fla. Sept. 16, 2011) ("With respect to the sufficiency of Plaintiffs' class action allegations, the Court agrees with Plaintiffs that compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.").

"Dismissal at this stage is an *extreme* remedy appropriate only where a defendant demonstrates that from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts that plaintiffs may be able to prove." *Oginski v. Paragon Properties of Costa Rica, LLC*, No. 10-21720-CIV, 2011 WL 3489541 (S.D. Fla. Aug. 9, 2011) (internal quotes and citations omitted). "[T]he shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form." *Abdallah v. Coca-Cola Co.*, No. 1:98-CV-3679, 1999 WL 527835 (N.D. Ga. July 16, 1999). Whether Plaintiff is an inadequate class representative or will have unique defenses central to the litigation is an inquiry for once the record is further developed. "Plaintiff has not yet filed a motion to certify this case as a class action, and the current record is incomplete to allow the Court to decide whether any of Rule 23's requirements will be met here." *Perrong v. Total Ins. Brokers, LLC*, No. 8:20-CV-1905, 2021 WL 3036467, at *5 (M.D. Fla. Apr. 2, 2021). The class representative's adequacy will be part of that inquiry, and Defendant may renew this argument once the record is further developed.

### IV. Conclusion

Accordingly, it is ORDERED:

(1) Defendant PHBC Marketing, LLC's Motion to Dismiss Amended Complaint (Doc. 12) is **DENIED.**

(2) Defendant shall file its Answer to Plaintiff's Amended Complaint (Doc. 11) on or before August 15, 2024.

**ORDERED** in Tampa, Florida, on August 1, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE